UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DIVAIN DUNDAS,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
KEVIN MORGAN, Shield No. 7698, SGT. DENIS
SAMUYLIN, Shield No. 3457, POLICE OFFICER
TODD HANSEN, Shield No. 13329, POLICE OFFICER
ANTHONY LAFEMINA, Shield No.: 11439, and JOHN
and JANE DOE 1 through 4, Individually and in their official
capacities (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

Plaintiff, DIVAIN DUNDAS, by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiffs' civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DIVAIN DUNDAS is a legal residents of the United States and a resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the defendants, KEVIN MORGAN, DENIS SAMUYLIN, TODD HANSEN, ANTHONY LAFEMINA and JOHN and JANE DOE 1 Through 4 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On January 11, 2012 at approximately 6:30 P.M plaintiff DIVAIN DUNDAS was lawfully operating a motor vehicle at, on or near the north east corner of Belmont Avenue and Fountain Avenue, in the County of Kings, City of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause pulled the plaintiff's vehicle, pulled him out of the car. During the course of this incident, plaintiff DIVAIN DUNDAS was punched, kicked, assaulted and otherwise manhandled by members of the New York City Police Department. The plaintiff was placed under arrest and taken to the 75th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where he was arraigned on various Vehicle and Traffic Law charges . Plaintiff was held in custody until January 13, 2012 at approximately 7 P.M. on January 13,

2012 when he was released on his own recognizance. Defendants caused plaintiff to be prosecuted until February 23, 2012 when all charges were dismissed after the Grand Jury of Kings County failed to vote out a true bill of indictment.

15. As a result of the foregoing, plaintiff, DIVAIN DUNDAS, sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18. All of the aforementioned acts deprived plaintiff DIVAIN DUNDAS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual

4

defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22. As a result of the aforementioned conduct of defendants, plaintiff DIVAIN DUNDAS was injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "22" with the same force and effect as if fully set forth herein.

24. The defendants unlawfully arrested the plaintiff agianst his will without probable cause.

25. As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C.§1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25 with the same force and effect as if fully set forth

herein.

27. Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Bronx County District Attorney's Office.

28. As a result of the aforementioned conduct of defendants, plaintiff DIVAIN DUNDAS was injured.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability Under 42 U.S.C. §1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "28" with the same force and effect as if fully set forth herein.

30. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

31. As a result of the aforementioned conduct of defendants, plaintiff DIVAIN DUNDAS was injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure To Intervene Under 42 U.S.C. §1983)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "31" with the same force and effect as if fully set forth herein.

33.. Defendants had an affirmative duty to intervene on behalf of plaintiff DIVAIN DUNDAS, whose constitutional rights were being violated in their presence by other officers.

34. The defendants failed to intervene to prevent the unlawful conduct described herein.

35. As a result of the foregoing, plaintiff DIVAIN DUNDAS' liberty was restricted for an extended period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force Under 42 U.S.C. §1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The defendants unlawfully used excessive force against the plaintiff DIVAIN DUNDAS without justification.

38. As a result of the foregoing, plaintiff DIVAIN DUNDAS was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal LiabilityUnder 42 U.S.C. §1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth

herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-American males by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DIVAIN DUNDAS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DIVAIN DUNDAS.

43. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DIVAIN DUNDAS as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DIVAIN DUNDAS as alleged herein.

45. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff DIVAIN DUNDAS was unlawfully stopped, seized, assaulted, battered, detained and incarcerated.

46. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DIVAIN DUNDAS' constitutional rights.

47. All of the foregoing acts by defendants deprived plaintiff DIVAIN DUNDAS of federally protected rights, including, but not limited to, the right:

    A. To be free from assault and battery;

    B. To be free from the use of excessive force and/or the failure to intervene.

48. As a result of the foregoing, plaintiff DIVAIN DUNDAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants I an amount to be fixed by a jury.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

    A.    Full and fair compensatory damages in an amount to be determined by a jury;

    B.    Punitive damages in an amount to be determined by a jury;

    C.    Reasonable attorney's fees and the costs and disbursements of their actions;

and

    D.    Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
         July 17, 2013

S/ _____

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff

26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849